**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
OLGA CRISTINA QUITO, *individually and*
*on behalf of others similarly situated,*

                  Docket No.:  **16-cv-6634(BMC)**

        *Plaintiff*,

-against-

EL PEDREGAL RESTAURANT, CORP.
(d/b/a EL TRONO DE MEXICO SPORTS
BAR) HUGO LOPEZ, JUAN LOPEZ, JESUS
RAMIREZ and ERIKA SAAVEDRA,

        *Defendants.*
---------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF

## MOTION FOR ATTORNEYS' FEES AND COSTS

                      MICHAEL FAILLACE & ASSOCIATES, P.C.
                      Marisol Santos
                      60 East 42nd Street, Suite 4510
                      New York, New York 10165
                      (212) 317-1200
                      *Attorneys for Plaintiff*

Plaintiff Olga Cristina Quito, by her attorneys Michael Faillace & Associates, P.C., submit this memorandum of law in support of her motion for an award of attorneys' fees and costs.

The Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") both contain fee-shifting provisions for actions to recover unpaid wages. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); N.Y. Labor Law § 663(1) ("[An employee] may recover . . . costs and such reasonable attorney's fees as may be allowed by the court").

As the prevailing party in this action, through way of a default judgment, Plaintiff is entitled to awards of attorneys' fees under the FLSA and NYLL.

Plaintiff's attorneys incurred costs and attorneys' fees in this action. Plaintiff' attorneys maintained contemporaneous records of their hours worked and the work performed on this matter. The attorney's fees incurred to date are $8,922.50. (Santos Dec. Ex. A)

Plaintiff also incurred costs of $775.00. These include $400.00 for the filing fee, and $375.00 in service of process fees. (*Id.*)

A breakdown of Plaintiff's attorneys' fees and costs incurred in the action, in the form of the firm's standard billing sheet, is attached to the Santos Declaration filed herewith as Exhibit A.

In the Second Circuit, awards of attorneys' fees are calculated based on the "presumptively reasonable fee" approach adopted in *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 & n.4 (2d Cir. 2008). Under this approach, the court sets a "reasonable hourly rate," bearing in mind all the case-specific variables, and then multiplies the

rate times the number of hours reasonably expended to calculate the "presumptively reasonable fee." *Id.* at 190; *see Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 141 (2d Cir. 2007).

A reasonable hourly rate is "the rate a paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 190. In setting this rate, a court is to consider the traditional factors enumerated in *Johnson v. Georgia Highway Express. Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 92-93, 96, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989):

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary-hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 186 n.3 (citing *Johnson*, 488 F.2d at 717-19). The court must also bear in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively," and consider that the client "might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case." *Id.* at 186.

Some of the *Johnson* factors "are more logically related to determining the number of hours that should be compensated, and others, such as the extent of success, might be considered in setting the number of compensable hours or in making a further adjustment after a presumptive fee has been established." *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 537 n.l (S.D.N.Y. 2008). Overall, "'the most critical factor' in determining the reasonableness of a fee award 'is the degree

2

of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)).

To assess the reasonable rate, the Court should consider the prevailing market rates "for similar services by lawyers of reasonably comparable skill, experience and reputation," *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)). The Court may also rely on its knowledge of private firms' hourly rates. *Miele v. N.Y. State Teamsters Conference Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987).

The attorneys who worked on the case are Michael Faillace, Gerrald Ellis, and Marisol Santos.

Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and he is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His regular billing rate of $450 per hour is reflected in Exhibit A with the initials "MF." This rate is the actual rate that Faillace bills as an hourly rate for clients who pay hourly rate.

Gerrald Ellis is a former associate at Michael Faillace & Associates, P.C. and is billed at the rate of $350 per hour. Mr. Ellis graduated from Fordham Law School in 2010. For all three years of law school, and for three years prior, Mr. Ellis worked as a legal assistant and law clerk

3

at Arnold & Porter LLP. Following law school, he litigated federal consumer protection actions and worked in affordable housing compliance with the Related Companies. Since joining Michael Faillace & Associates, P.C. in March 2016, Mr. Ellis was responsible for all aspects of the firm's employment docket in federal court, including lead responsibility on dozens of FLSA litigations such as the instant. His regular billing rate of $350 per hour is reflected in Exhibit A with the initials "SI" in the "Lawyer" column and reference to "GE" in the description section. This is because our timekeeping system tracks a limited number of attorneys, and Mr. Ellis has been replaced by a new attorney with the initials "SI."

 I, Marisol Santos, am an associate at Michael Faillace & Associates, P.C. I graduated from Fordham University School of Law in 2013. Following law school, I have cultivated an expertise in employment law, serving as a wage & hour associate at a firm in Queens, New York for a year and a half prior to joining Michael Faillace & Associates, P.C. Since joining the undersigned firm in October 2016, I have been responsible for all aspects of the firm's employment docket in federal court. My time is billed at the rate of $350 per hour and is indicated by my initials "MS."

 Plaintiff respectfully submits that the billing rates are reasonable given their attorneys' experience and skill, and should be approved. *See Perez v. Platinum Plaza 400 Cleaners, Inc.*, Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and associate Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

 "After determining the appropriate hourly billing rate, the court calculates the hours reasonably expended." *Maldonado v. La Nueva Rampa*, Inc.,2012 U.S. Dist. LEXIS 67058 at *13 (S.D.N.Y. May 14, 2012). The Court must make "a conscientious and detailed inquiry into the

validity of the representations that a certain number of hours were usefully and reasonably expended." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). The critical inquiry is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted); *accord Nike, Inc. v. Top Brand Co.*, No. 00 Civ. 8179 (KMW) (RLE), 2006 U.S. Dist. LEXIS 76543, 2006 WL 2946472, at *5 (S.D.N.Y. Feb. 27, 2006), *report & rec. adopted*, 2006 U.S. Dist. LEXIS 76540, 2006 WL 2884437 (S.D.N.Y. Oct. 6, 2006). The Court should examine contemporaneous time records that identify, for each attorney, the hours expended on a task, "with a view to the value of the work product of the specific expenditures to the client's case." *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997) (citation omitted); *see also Scott v. City of New York*, 643 F.3d 56, 57 (2d Cir. 2011); *N.Y. State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). The Court may also rely on its own experience with the case, as well as its experiences with similar submissions and arguments as additional support. *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992). *But see Scott*, 643 F.3d at 58 ("award based entirely on the district court judge's personal observation and opinions of the applying attorney . . . is contrary to *Carey*"). Ultimately, "[m]ultiple attorneys are allowed to recover fees on a case if they show that the work reflects the distinct contributions of each lawyer." *Id*. (citations omitted).

Plaintiff's attorneys' hours are reasonable. The total hours billed by all of Plaintiff's attorneys of 26 hours is reasonable for a case where a default judgment was obtained after an inquest.

## CONCLUSION

Wherefore, it is respectfully requested that Plaintiff be awarded attorneys' fees in the amount of $8,922.50 and costs in the amount of $775.00.

5

Dated: New York, NY
       May 24, 2017

                                          MICHAEL FAILLACE & ASSOCIATES, P.C.
                                          *Attorneys for Plaintiff*

                                          By: ___/s/ *Marisol Santos* ___
                                          Marisol Santos, Esq.
                                          60 East 42nd Street, Suite 4510
                                          New York, New York 10165
                                          (212) 317-1200
                                          msantos@faillacelaw.com