UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
OLGA CRISTINA QUITO,                                     :   **MEMORANDUM**
                                                         :   **DECISION AND ORDER**
                              Plaintiff,                 :
                                                         :   16-cv-6634 (BMC)
              - against -                                :
                                                         :
EL PEDRAGAL RESTAURANT, CORP., d/b/a                     :
El Trono De Mexico Sports Bar, HUGO LOPEZ,               :
JUAN LOPEZ, JESUS RAMIREZ, ERIKA                         :
SAAVEDRA,                                                :
                                                         :
                              Defendants.                :
-------------------------------------------------------- X

**COGAN**, District Judge.

　　Plaintiff moves to recover costs and reasonable attorneys' fees for her counsel, Michael Faillace & Associates, P.C., pursuant to my bench ruling following an inquest on plaintiff's motion for a default judgment. Familiarity with the decision, applying the Fair Labor Standards Act ("FLSA"), corresponding provisions of the New York Labor Law (both of which permit an award of attorneys' fees to a prevailing plaintiff), and state and city employment discrimination law to plaintiff's claims, is presumed. Despite defendants' default, I have independently considered the reasonableness of the requested fees and costs. The motion is granted to the extent set forth below.

　　Courts within the Second Circuit generally employ the "presumptively reasonable fee" method when analyzing attorneys' fees motions. See <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany & Albany County Bd. of Elections</u>, 522 F.3d 182, 190 (2d Cir. 2008). Under this method, courts multiply the "amount of time reasonably spent by

counsel" by a reasonable hourly rate to derive a presumptively reasonable overall fee. Cover v. Potter, No. 05 Civ. 7039, 2008 WL 4093043, at *5 (S.D.N.Y. Aug. 29, 2008). A court must then determine whether this presumptively reasonable fee is subject to an upward or downward departure. Id. at *6; see also Grant v. Martinez, 973 F.2d 96, 101 (2d Cir. 1992). To determine reasonable hourly rates, courts must refer to the "prevailing [market rates] in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 n. 11 (1984). The "community" is generally considered the district where the district court sits. See Arbor Hill, 522 F.3d at 190.

The rates requested are as follows: Michael A. Faillace, a highly experienced FLSA and employment law attorney, at $450 per hour (7.5 hours); Gerrald Ellis, a former senior associate at the firm who was principally involved in directing the case, at $350 per hour (9.7 hours); Marisol Santos, a junior/mid-level associate at the firm who conducted the inquest on damages, at $350 per hour (3 hours); and one or more paralegals at $100 per hour (6.3 hours).

Because Mr. Faillace is an experienced FLSA and employment law attorney with a very high volume practice, there are numerous cases discussing his reasonable hourly rate. There is a disparity in the rates he receives between this district and the Southern District in New York. Recent cases in the latter district award him $400-$450 per hour. See Hernandez v. JRPAC Inc., No. 14-cv-4176, 2017 WL 66325, at *3 (S.D.N.Y. Jan. 6, 2017) (allowing $400 per hour); Najera v. 144 Ninth Gotham Pizza, Inc., No.12-cv-3133, 2017 WL 728703, at *2 (S.D.N.Y. Feb. 24, 2017) (allowing $450 per hour); Sevilla v. Nekasa, Inc., No. 16-cv-2368, 2017 WL 1185572, at *5 (S.D.N.Y. March 30, 2017) (allowing $425 per hour); Xochimitl v. Pita Grill of Hells Kitchen, Inc., No. 14-cv-10234, 2016 WL 6879258, at *1 (S.D.N.Y. Nov. 21, 2016) (allowing $400 per hour); Almanzar v. 1342 St. Nicholas Avenue Rest. Corp., No. 14-cv-7850, 2016 WL

2

8650464, at *18 (S.D.N.Y. Nov. 7, 2016) (allowing $450 per hour). Recent cases in this district fix his reasonable rate at $300-$375 per hour. See Lopez v. SGRA Corp., No. CV 2014-5225, 2016 WL 8711350, at *10 (E.D.N.Y. March 31, 2016) (allowing $375 per hour); Quiroz v. Luigi's Dolceria, No. 14-cv-871, 2016 WL 6311868, at *4 (E.D.N.Y. Oct. 28, 2016) (allowing $350 per hour); Gonzalez v. Jane Roe Inc., No. 10-cv-1000, 2015 WL 4662490, at *6 (E.D.N.Y. July 15, 2015) (allowing $300 per hour); Cortez v. 8612 Best Coffee Shop, Inc., No. 13 CV 3095, 2015 WL 10709830, at *9 (E.D.N.Y. August 14, 2015) (allowing $300 per hour).

The rates awarded to Mr. Faillace in this district are consistent with the overall rates awarded to attorneys in FLSA cases. It is now well established, and should remain so unless there is a significant change in the market for legal services in this area, that "[t]he prevailing hourly rate for partners in this district range[s] from $300.00 to $400.00." Tacuri v. Nithin Constr. Co., No. 14–CV–2908, 2015 WL 790060, at *13 (E.D.N.Y. Feb. 24, 2015), and "a reasonable hourly rate for a senior associate ranges from $200 to $300." Id. Junior associates generally command $100 to $200 dollars per hour. See Griffin v. Astro Moving and Storage Co. Inc., No. 11-cv-1844, 2015 WL 1476415, at *8 (E.D.N.Y. March 31, 2015).

I see no reason to deviate from the rate scale generally used in this district. First, the Second Circuit has made it clear that rates in the Southern District of New York rates are not a proxy for rates in this district. See Simmons v. N.Y. City Transit Auth., 575 F.3d 170 (2d Cir. 2009). Second, the continually escalating volume of wage cases filed this district suggests that plaintiffs are not having difficulties finding a lawyer to bring a meritorious case and that there are plenty of lawyers available.[1] Third, there is nothing peculiar about this case that required special skill; it was a simple motion for a default judgment, and it seems clear from the inquest,

---

[1] FLSA case filings have gone from 249 in 2008 to 935 in 2016.

3

and the time records confirm, that plaintiff's counsel did not undertake much preparation for the inquest.

I therefore fix reasonable attorneys' fee rates at $375 per hour for Mr. Faillace; $300 per hour for Mr. Ellis; and $200 per hour for Ms. Santos. The paralegal time at $100 per hour is allowed.

As to the time spent by each attorney and the total amount of time spent, 26.50 hours, I have reviewed the records and that amount of time appears reasonable, as do the filing and process services fees of $775.

Accordingly, plaintiff's motion for attorneys' fees and costs [29] is granted to the extent of awarding $7,727.50. The Clerk is directed to enter an Amended Judgment in the amount of $37730.76 in favor of plaintiff and against defendants, jointly and severally.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
　　　　May 25, 2017